IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero

| | |
|---|---|
| In re:<br><br>Brady Glauthier<br><br>    Debtor. | Case No. 23-14409 MER<br><br>Chapter 7 |
| Paul Schneider<br><br>    Plaintiff,<br><br>v.<br><br>Brady Glauthier<br><br>    Defendant. | Adversary No. 23-01273 MER |

## ORDER DENYING MOTION TO DISMISS

This matter comes before the Court on the Motion to Dismiss ("**Motion**") filed by the Debtor/Defendant Brady Glauthier ("**Glauthier**"), Plaintiff Paul Schneider's ("**Schneider**") objection thereto, and Glauthier's reply.[1]

## BACKGROUND

Schneider commenced the instant adversary proceeding on December 27, 2023. Glauthier filed an answer to Schneider's complaint ("**Answer**") on January 31, 2024.[2] The Court entered its Order Regarding Discovery Schedule Pursuant to Fed. R. Bankr. P. 7016 ("**Scheduling Order**") on March 8, 2024.[3] After the Scheduling Order was entered, the parties filed several motions to extend the fact discovery deadline.[4] The parties did not request an extension of any other deadline, including the deadline to file dispositive motions, which ran on September 13, 2024 ("**Dispositive Motions Deadline**").[5]

---

[1] ECF Nos. 29, 30, & 31.

[2] ECF No. 5.

[3] ECF No. 13.

[4] ECF Nos. 15, 17, 19, 21, 24, & 27.

[5] ECF No. 13, ¶ 6.

1

Glauthier filed the instant Motion on August 1, 2025, asserting Schneider's Complaint should be dismissed pursuant to Rule 12(b)(6) because it is predicated upon an illegal loan for an illegal business.[6] In particular, Glauthier asserts Schneider provided cash to him to purchase raw cannabis to resell to oil producers.[7] Thus, Glauthier contends the loan agreement underlying Scheider's Complaint is void and unenforceable because the manufacturing, distributing, dispensing, and/or possession of cannabis is illegal under federal law.[8] Schneider opposes the Motion, asserting, among other things, that the Motion is untimely because it was filed long after Glauthier filed his Answer. In response to Schneider's objection, Glauthier requests the Motion be treated as a motion for summary judgment pursuant to Rule 56 or, as a motion for judgment on the pleadings pursuant to Rule 12(c), rather than as a motion to dismiss pursuant to Rule 12(b)(6).[9]

## ANALYSIS

Both motions for summary judgment and motions for judgment on the pleadings are dispositive motions.[10] As such, either motion must be filed before the dispositive motions deadline set by the court in its scheduling order.[11] However, a court may consider dispositive motions, despite their untimeliness, so long as the moving party shows good cause exists to modify the court's scheduling order.[12] "Good cause" means the movant must show the scheduling deadlines cannot be met despite the movant's diligent efforts.[13] "To prove diligence, the movant must provide an adequate explanation for any delay."[14]

---

[6] ECF No. 29, ¶ 5. Any use of the term "Rule" hereafter means the Federal Rules of Civil Procedure.

[7] *Id.* at ¶ 2.

[8] *Id.* at ¶¶ 10-32.

[9] ECF No. 31 at ¶ 1.

[10] *Boxer F2, LP v. Bronchick*, 20-CV-02722-RMR-KLM, 2022 WL 15265350, at *1 (D. Colo. Oct. 27, 2022) ("A dispositive motion is defined as a motion for a trial court order to decide a claim or case in favor of the movant without further proceedings; specif., a motion that, if granted, results in judgment on the case as a whole, as with a motion for summary judgment or a motion to dismiss . . . . Thus, a Rule 12(c) motion is a dispositive motion and squarely fits within the definition of those motions which must be filed by the dispositive motions deadline.") (internal citations omitted).

[11] *Id.*; *see Swasey v. West Valley City*, 2:13-CV-00768-DN-BCW (D. Utah Apr. 17, 2017) (finding a motion for summary judgment was untimely because it was filed eight months after the dispositive motions deadline and there was no order from the court modifying the deadline.)

[12] Fed. R. Civ. P. 16(b)(4); *Gorsuch, Ltd. B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014).

[13] *Gorsuch, Ltd. B.C.*, 771 F.3d at 1240 (quoting *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)).

[14] *Bronchick*, 2022 WL 15265350, at *3 (citing *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006)).

Here, Glauthier does not provide an adequate explanation for why he waited so long to file the Motion. Glauthier asserts he initially prepared the Motion before filing his Answer, but waited to file it until he obtained more information through discovery to confirm his theory that the contract underlying the Complaint is for the purchase of cannabis.[15] Glauthier further asserts that, despite the case having been ongoing for almost two years, Schneider has produced nothing through discovery.[16] However, this does not explain why Glauthier did not request an extension of the Dispositive Motions Deadline, nor does it explain why the Court should consider the Motion now, more than a year after the Dispositive Motions Deadline passed. The parties filed no less than six motions to extend the deadline for fact discovery, none of which also included a request to extend the Dispositive Motions Deadline. In fact, each motion to extend the deadline for fact discovery included a paragraph that clearly states, "the requested extension only applies to fact discovery and will not alter any other deadline."[17] The Court also finds Glauthier's argument that he waited to file the Motion because Schneider produced "absolutely nothing" in discovery is meritless. After all, at no point in the nearly two years this proceeding has been pending has Glauthier requested a discovery dispute hearing, or otherwise indicated he was unable to obtain discovery from Schneider.

Further, Glauthier asserts the Motion is timely because the Scheduling Order required dispositive motions to be filed 13 days after the close of discovery, which was July 25, 2025.[18] This is incorrect. The Scheduling Order clearly states the Dispositive Motions Deadline is September 13, 2024.[19] The Court selected such date based on the parties' Joint Report Pursuant to Fed. R. Bankr. P. 7026.[20] None of the Court's orders granting the parties' motions to extend the fact discovery deadline includes language indicating that dispositive motions were to be filed 13 days after the close of discovery.[21] As such, the Motion is untimely, and Glauthier has not provided an adequate explanation as to why he could not comply with the Scheduling Order and file the Motion prior to the Dispositive Motions Deadline. Therefore, the Court

ORDERS the Motion is DENIED. The Court

FURTHER ORDERS a Trial and Scheduling Conference will be set by separate notice.

---

[15] ECF No. 31 at ¶ 2.

[16] *Id.*

[17] ECF No. 15 at ¶ 6; ECF No. 17 at ¶ 6; ECF No. 19 at ¶ 5; ECF No. 21 at ¶ 6; ECF No. 24 at ¶ 6; ECF No. 27 at ¶ 6.

[18] ECF No. 31 at ¶ 8; ECF No. 28.

[19] ECF No. 13 at ¶ 6.

[20] ECF No. 12 at ¶ 4(d).

[21] ECF Nos. 16, 18, 20, 22, 25, & 28.

Dated November 18, 2025

BY THE COURT:

Michael E. Romero, Judge
United States Bankruptcy Court